13-3175-cv
Petroleos Mexicanos v. SK Engineering

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                     *Circuit Judges.*

_____

PETROLEOS MEXICANOS, PEMEX-REFINANCION,

            *Plaintiffs-Appellants*,

            -v-                                                13-3175-cv

SK ENGINEERING & CONSTRUCTION CO. LTD.,
SIEMENS AKTIENGESELLSCHAFT,

            *Defendants-Appellees.*

_____

Appearing for Appellants:     Carlos F. Gonzalez, Diaz Reus & Targ LLP (Michael Diaz, Jr., Marta Colomar Garcia, *on the brief*), Miami, FL.

Appearing for Appellees:     David G. Hille, White & Case LLP (Owen C. Pell, *on the brief*), New York, N.Y., *for SK Engineering & Construction Co. Ltd.*

            Brant W. Bishop, Kirkland & Ellis LLP (Thomas D. Yannucci, Chris Posteraro, Ragan Naresh, *on the brief*), Washington, D.C., *for Siemens Aktiengesellschaft*.

Appeal from the United States District Court for the Southern District of New York (Stanton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Petróleos Mexicanos and its subsidiary Pemex–Refinación (together, "Pemex") appeal from the July 30, 2013 memorandum and order of the United States District Court for the Southern District of New York (Stanton, *J.*) dismissing their complaint alleging defendants SK Engineering & Construction Co. Ltd. and Siemens Aktiengesellschaft violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., by bribing Pemex officials to approve overrun and expense payments in the course of an oil refinery rehabilitation project. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In our recent decision in *European Community v. RJR Nabisco, Inc.*, - F.3d. -, 2014 WL 1613878 (2d Cir. April 23, 2014), our Court held that "the extraterritorial application of RICO [is] coextensive with the extraterritorial application of the relevant predicate statutes." *Id.* at *7. We also held that wire fraud cannot serve as such an extraterritorial predicate. Here, because Pemex relies exclusively on the wire fraud statute in pleading predicate acts, it has failed to state a claim sufficient to support extraterritorial application of RICO. To the extent Pemex relies on several allegations of domestic activity to support its RICO claim, these, too, are insufficient. "[S]imply alleging that some domestic conduct occurred cannot support a claim of domestic application." *Norex Petroleum Ltd. v. Access Indus., Inc*., 631 F.3d 29, 32–33 (2d Cir. 2010).

The scheme alleged by Pemex possesses three minimal contacts with the United States: the financing was obtained here, the invoices were sent to the bank for payment, and the bank issued payment. Absent from the pleadings are any allegations that the scheme was directed from (or to) the United States. The activities involved in the alleged scheme–falsifying the invoices, the bribes, the approval of the false invoices–took place outside of the United States. The allegations of domestic conduct are simply insufficient to sustain RICO jurisdiction.

In the supplemental briefing requested by this Court, Pemex sought remand with a direction that the district court permit Pemex to amend its complaint. Pemex asserts that ongoing proceedings might unearth information regarding cost overruns and bribes that may provide a basis for them to plead additional domestic contacts. However, Pemex has not adduced any information that would demonstrably alter the substance of its complaint. *See In re Am. Exp. Co. S'holder Litig.*, 39 F.3d 395, 402 (2d Cir. 1994) (holding that "leave to amend may be denied if the amendment would be futile"); *see also Pac. Inv. Mgmt. Co. LLC v. Mayer Brown LLP*, 603 F.3d 144, 160 (2d Cir. 2010) ("Plaintiffs do not disclose to us those recently discovered facts and there is therefore no basis for suggesting, much less concluding, that plaintiffs could amend their claims . . . in a way that would make them viable."). Without a more definitive statement of information that could alter our analysis, we decline to remand with direction to permit amendment.

We have considered the remainder of Pemex's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk